UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission, ) | Case No. CV 08-01790-PHX-SRB |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **CONSENT DECREE** |
| ) | |
| NPMG Acquisition Sub, LLC ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

The United States Equal Employment Opportunity Commission (the "Commission" or "EEOC") filed this action against NPMG Acquisition Sub, LLC ("Defendant") to enforce Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") and the Civil Rights Act of 1991, 42 U.S.C. § 1981a.  In its Amended Complaint, the Commission alleged that Defendant (1) engaged in unlawful race discrimination in violation of Section 703(a) of Title VII and the Civil Rights Act of 1991, 42 U.S.C. § 2000e-2(a).  These practices include subjecting Calvin Matthews, Tyrone Hunt, Michael Buckner, Brian Gawarecki, and a class of former employees to unwelcome racial harassment, including racial comments and slurs by Defendant's managers and/or employees, which created a hostile work environment because of race.  The Commission seeks appropriate relief to Mssrs. Matthews, Hunt, Buckner, Gawarecki, and a class of former employees.

The parties do not object to the jurisdiction of the Court over this action and waive their rights to a hearing and the entry of findings of fact and conclusions of law.  In the interest of resolving this matter and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that this action should be finally resolved on the terms set forth in this Consent Decree, once approved by the Court.  The parties agree that this Consent Decree is fair, reasonable, and equitable and does not violate the law or public policy.

- 1 -

**It is hereby ORDERED, ADJUDGED, and DECREED:**

1.      This Consent Decree resolves all claims of the Commission and of Mssrs. Matthews, Hunt, Buckner, Gawarecki (each a "Charging Party," and collectively the "Charging Parties") and a class of former employees identified in Exhibit B hereto (each a "Class Member," and collectively the "Class Members") against Defendant (including, but not limited to, Defendant's officers, members, directors, and employees), including any and all claims for back pay, compensatory and punitive damages, interest, injunctive relief, and attorney's fees and costs arising out of the issues that were or could have been raised in this lawsuit up until the date of the execution of this Consent Decree by the parties.

2.      Defendant, and its officers, agents, employees, successors, and assigns, are enjoined for the duration of this Consent Decree from:  (a) discriminating against any employee on the basis of race; and (b) retaliating against any employee because he or she:  (i) opposed discriminatory practices made unlawful by Title VII; (ii) filed a charge or is assisting or participating in the filing of a charge of alleging discrimination in violation of Title VII; or (iii) assisted or participated in an investigation or proceeding brought under Title VII.

## MONETARY RELIEF

3.      Defendant shall pay the settlement amount of four hundred fifteen thousand dollars ($415,000.00).  Payment shall be made by check or money order payable to the Charging Parties and the Class Members in the amounts set forth in Exhibit B hereto, at addresses to be provided by the EEOC within 5 calendar days of final approval of this Consent Decree by the Court.    These payments represent settlement for the EEOC's claim for non-pecuniary compensatory damages on behalf of the Charging Parties and the Class Members.    The compensation provided for herein shall be paid to the Charging Parties and the Class Members in the amounts as set forth in Exhibit B hereto within 10 calendar days of final approval of this Consent Decree by the Court.  On or before January 31, 2010, Defendant shall issue United States Internal Revenue Service 1099 forms for all payments made pursuant to this Consent Decree.

- 2 -

4.      Within five (5) business days of the date the checks or money orders referred to above in Paragraph 3 are placed in the mail pursuant to this Consent Decree, Defendant shall furnish a copies of the checks or money orders to the Regional Attorney of the EEOC's Phoenix District Office at the following address: Equal Employment Opportunity Commission, Phoenix District Office, 3300 North Central Avenue, Suite 690, Phoenix, Arizona 85012.

5.      Defendant will not condition the receipt of monetary relief on any Charging Party's or Class Member's agreement to:  (a) maintain as confidential the terms of this Consent Decree; or (b) waive his or her statutory right to file prospectively a charge with any federal or state anti-discrimination agency; or (c) refrain from applying for a job with Defendant.

### CORRECTIVE POLICIES, PROCEDURES, AND PRACTICES

6.      The parties acknowledge that at that the time of entry of this Consent Decree, Defendant employed no employees.  If, within the duration of this Consent Decree as set forth below in Paragraph 35, Defendant hires any employees, the duration of this Consent Decree will automatically restart and Paragraphs 7-25 and 31 below shall apply for three (3) years following the date Defendant first hires any employee.  For purposes of clarity and the avoidance of doubt, in the event Defendant does not hire any employee during the three year period following the date this Consent Decree is entered, Defendant shall not be obligated to take any of the actions set forth in Paragraphs 7-25 and 31 of this Consent Decree.  Defendant shall notify the Regional Attorney of the EEOC's Phoenix District Office within in seven (7) days of the date Defendant first hires any employee if such hire occurs during the three year period following the date this Consent Decree is entered.

### Training

7.      Defendant shall provide, at Defendant's expense, annual equal employment opportunity training to all of Defendant's employees (other than those employees specified in Paragraph 12 below), for a period of three years from the date of this Consent Decree.  Each annual training session shall consist of live training, and shall be attended by all employees that are employed at each of Defendant's work sites (other than those employees specified in Paragraph 12 below).  Any employees that are employed remotely by Defendant and who do not

- 3 -

work out one of Defendant's offices shall participate in the training by teleconference.  The person conducting the training shall be experienced in and have knowledgeable about the fundamental aspects of federal employment discrimination law.  Defendant shall provide the name and qualifications (which may consist of a resume) of the person designated by Defendant to conduct the training to the EEOC at least sixty (60) days prior to the first training session.  The first training session shall occur no later than ninety (90) days after the hire of any employee(s).

8.    The training to be provided shall include the following topics:  (a) what is race discrimination (including race-based harassment); (b) that Title VII prohibits race discrimination and retaliation; (c) how to prevent race discrimination; (d) to whom employees may complain if they feel they have been subjected to race discrimination; (e) that managers will be evaluated on their enforcement of Defendant's anti-discrimination policies, including any policies or procedures implemented pursuant to this Consent Decree; and (f) review and explain Defendant's policies prohibiting race discrimination and retaliation.

9.    Each training session shall be at least two (2) hours in length, including thirty (30) minutes for questions and answers.

10    All employees, including those employees who attend the training sessions described in Paragraph 12 below, shall sign a registry indicating the date on which they attended the training session.  Defendant shall keep, for the duration of this Consent Decree, this written record of all employees who attend training sessions.

11.    During each training session, either Defendant's chief operations officer, its Senior Vice President of Legal Affairs, or its Executive Vice President and General Counsel will address employees about: (a) the importance of maintaining an environment free of race discrimination and retaliation; (b) discipline that can be taken against supervisors, managers, and employees who commit acts of race discrimination or retaliation, or who allow race discrimination or retaliation to occur in the work place; (c) the importance of maintaining an environment free of race discrimination and retaliation; and (d) Defendant's anti-discrimination policy(ies).

- 4 -

12.     In addition to the training discussed in Paragraphs 7-11 above, at Defendant's expense, Defendant will also conduct annual training for all management level employees, human resources staff, and Defendant's in-house counsel for the duration of this Consent Decree. This training will focus on defining and explaining these employees' duties to prevent and/or address workplace discrimination.  In addition to the topics specified above in Paragraph 8, the curriculum must include coverage of the following topics: how to identify discriminatory conduct; how to identify circumstances which trigger their duty to take action to prevent or stop workplace discrimination; what actions they must take when possible discriminatory conduct is observed or otherwise reported; and how to conduct and participate in thorough investigations in response to complaints or observations of possible discriminatory conduct made unlawful by Title VII.  The first training session shall occur no later than ninety (90) days after the date Defendant first hires any employee(s).

13.     The Commission, at its discretion, may designate up to two (2) representatives to attend the training sessions described in Paragraphs 7-12 above.   The designated representative(s) shall be permitted to reasonably participate in the training sessions.  The date, time, and location of the training session(s) shall be communicated to the Regional Attorney for the EEOC's Phoenix District Office at least two weeks prior to each training session at the following address:  Equal Employment Opportunity Commission, 3300 N. Central Ave., Suite 690, Phoenix, AZ  85012.

14.     At its election, Defendant may have duplicative training sessions to accommodate staffing needs.   Defendant shall be responsible for any additional costs to provide repeat sessions.  Each additional training session(s) shall meet all of the requirements set forth herein.

**Written Policies**

15.     Defendant will review and, if necessary, revise its existing policies concerning workplace discrimination.  Defendant's written policies concerning workplace discrimination and shall include, at a minimum:

- 5 -

(a)  complete definitions of discrimination based on sex (including sexual harassment), race (including race harassment), color, national origin (including accent discrimination), religion, disability, age, and protected activity, and retaliation;

(b)  a statement that all forms of discrimination mentioned above in Paragraph 15(a) are illegal;

(c)  a statement that discrimination and retaliation by anyone, including management officials, supervisors, vendors, suppliers, third parties, and customers, is  prohibited and will not be tolerated;

(d)  a statement encouraging employees to report if they believe they have been subjected to discrimination or retaliation;

(e)  a description of the consequences, up to and including termination of employment, which will be imposed upon violators of the policies prohibiting discrimination and retaliation;

(f)  a statement of Defendant's intent to handle complaints of discrimination as confidentially as appropriate under the circumstances;

(g)  an assurance of non-retaliation for persons who make a good faith report of alleged discrimination or who otherwise in good faith corroborate or support allegations of discrimination;

(h)  the identification of specific individuals, including, but not limited to employees' immediate supervisor(s) or manager(s), with their work telephone numbers, to whom employees who believe they have been subjected to discrimination or retaliation can report the alleged discrimination or retaliation, including a written statement that the employee may report to designated persons outside their chain of management;

(i)  an assurance that Defendant will investigate allegations of discrimination promptly, fairly, reasonably, and effectively, and that appropriate corrective action will be taken by Defendant to eradicate the discrimination or retaliation; and

(j)  a statement that employees who need a reasonable accommodation to make a complaint of discrimination or retaliation or to participate in the investigation process

- 6 -

shall be provided such reasonable accommodation, and the manner in which those accommodations may be obtained.

16.    These policies also shall be transmitted to each of Defendant's employees within ninety (90) days of the date Defendant first hires any employee(s).

**Discipline**

17.    Defendant shall take immediate, appropriate corrective action to discipline employees, including managers, who engage in discrimination and/or retaliation through consequences that include termination of employment under appropriate circumstances.

**Investigation Procedures**

18.    Defendant shall promptly and appropriately investigate all complaints of discrimination and/or retaliation.

19.    The investigation shall include a good faith determination by Defendant of whether discrimination occurred; interviews of all potential victims and witnesses identified; a credibility assessment, if necessary and appropriate, of those persons involved in the allegations of discrimination; and the making of and retention of concurrent notes of the investigation (which the EEOC recognizes may include privileged attorney-client and/or attorney work product materials).

20.    Defendant shall take immediate appropriate corrective action to make discrimination victims whole, to discipline violators, and to eradicate the discrimination.

21.    The person or person(s) alleged to have engaged in discriminatory conduct will be excluded from any involvement in conducting, supervising, advising, or overseeing investigations.  Such person(s) will be given no information about any aspect of investigations (i.e. duration of investigation, possible witnesses, names of individuals interviewed, documents compiled, preliminary findings, anticipated actions to be taken during the investigation, etc.) prior to the completion of the investigation.  However, a person or person(s) alleged to have engaged in discriminatory conduct may be informed of the basis of an allegation and the identity(ies) of the complainant(s), as well as provided the opportunity to provide his/her information concerning the alleged conduct as part of the investigation process.

- 7 -

22.     Defendant shall follow up on complainants at reasonably appropriate intervals to ensure that discrimination and/or retaliation does not recur.  A person or person(s) who complain of discrimination must be informed of the outcome of the ensuing investigation promptly.

**Evaluation of Managers' Performance**

23.     Defendant shall implement a process or procedure whereby Defendant's evaluation of its managers' or supervisors' job performance shall include consideration of how managers and supervisors perform in responding to employee complaints of discrimination or retaliation (if any such complaints are made by employees under the specific manager's or supervisor's supervision during the applicable evaluation period).

24.     The process or procedure discussed in Paragraph 23 shall include a provision that states that managers or supervisors will be subject to discipline for failing to enforce Defendant's policies to prevent and remedy discrimination and retaliation.

**Notice**

25.     Defendant shall post for the duration of this Consent Decree, in a prominent location frequented by its employees at its facilities, the notice attached as Exhibit A.  The notice shall be the same type, style, and size as Exhibit A.

## OTHER RELIEF

26.     Defendant shall provide the Charging Parties and the Class Members the additional relief set forth below.

**Apology**

27.     Defendant shall provide the Charging Parties and the Class Members a written, signed apology, printed on Defendant's letterhead.  This written apology shall be sent to each individual at an address to be provided by the EEOC separately, within thirty (30) days of the entry of this Consent Decree.

**Reference**

28.     For the duration of this Consent Decree, when information is requested by a prospective employer of any Charging Party or Class Member, Defendant shall provide a neutral employment reference (in writing, if so requested and authorized by the Charging Party or Class

- 8 -

Member) and verify the Charging Party's or Class Member's dates of employment.  Defendant will not convey any negative opinions about the Charging Parties or the Class Members nor disclose to prospective employers that the Charging Parties or the Class Members filed a charge of discrimination or participated in this lawsuit.

**Record Expungement**

29.     Defendant shall expunge from the personnel files of the Charging Parties and the Class Members all references, if any, to the charges of discrimination filed against Defendant or participation in this action.

**REPORTING BY DEFENDANT AND ACCESS BY EEOC**

30.     Within thirty (30) days of approval of this Consent Decree by the Court, Defendant shall confirm by an affidavit or declaration (signed under penalty of perjury) sent to the Regional Attorney of the Commission's Phoenix District Office at the address set forth above confirmation that: (i) the apology letters required pursuant to Paragraph 27 were sent, and the date on which it was sent; and (ii) the expungement from the Charging Parties' and the Class Members' personnel file required by pursuant to Paragraph 29 took place, the date of the expungement, and the documents expunged.

31.     In addition to any other reporting requirements set forth herein, Defendant shall provide the following information in writing, confirmed by affidavit or declaration (signed under penalty of perjury), to the Regional Attorney of the Commission's Phoenix District Office at the address set forth above beginning six (6) months from the date of the entry of this Consent Decree and thereafter every six (6) months for the duration of the Consent Decree, or within six (6) months of the date Defendant first hires any employee and thereafter every six (6) months for the duration of the Consent Decree, whichever is applicable:

(a)     upon completion, a copy of its written policies created in accordance with the requirements of this Consent Decree;

(b)     the registry of persons attending the training sessions required by this Consent Decree and a list of personnel employed by Defendant on the day of each training session;

- 9 -

(c)    confirmation that: (i) the Notice required by Paragraph 25 of this Consent Decree was posted, the date of posting, and the location(s) in which it was posted and (ii) the policies required by this Consent Decree were distributed to each current and new employee, and the dates of distribution; and

(d)    the name, address, position, and telephone number of any individual who has reported allegations of discrimination and/or retaliation against Defendant's personnel, whether formally or informally, including, but not limited to, management officials, vendors, agents, employees and/or customers, during the six months preceding the report.

## PROCEDURES AND REMEDIES FOR NON-COMPLIANCE

32.    In the event that the Commission believes that Defendant has failed to comply with any provision(s) of this Consent Decree, it shall notify Defendant in writing of the non-compliance, setting forth in detail the facts of the alleged non-compliance by Defendant, by fax and by overnight mail to the counsel and the corporate officer who sign this Consent Decree on Defendant's behalf, or to his successor, and afford Defendant 20 days after service of the notice to respond and/or take reasonable steps to correct and/or remedy the alleged non-compliance.

33.    If Defendant has not responded nor undertaken reasonable steps to remedy the alleged non-compliance within 20 days after service of notice, the parties shall thereafter meet and confer in good faith within 14 days to resolve any disputes or factual contentions concerning any purported non-compliance.  Should the parties be unable to resolve the matter after this good faith effort, the EEOC thereafter may petition the Court to enforce the terms of the Consent Decree at any time during its duration.

34.    In the event the Court finds that Defendant has violated this Consent Decree, as evidenced by a final judgment against Defendant, the Court may order reasonable relief to remedy the non-compliance, including attorneys' fees, daily fines, appropriate injunctive relief, and extension of this Consent Decree for such period as may be necessary to remedy its non-compliance.

PHX328,956,384v1

### DURATION

35.     The parties hereto shall bear their own respective attorneys' fees and costs incurred in this action up to the date of the Court's approval of the entry of this Consent Decree. This Court shall retain jurisdiction of this action for a period of three years after date of entry of the Consent Decree or, pursuant to Paragraph 6 of this Consent Decree, the Court shall retain jurisdiction of this action for a period of three years from the date Defendant first hires any employee after the date this Consent Decree is entered by the Court, which ever is later.  This Consent Decree shall expire by its own terms without further action by the parties or the Court.

### OTHER MATTERS

36.     By entering into this Consent Decree, Defendant does not admit that it violated Title VII or the Civil Rights Act of 1991 as alleged in the Amended Complaint, or that it violated any other law.

37.     The parties agree to the entry of this Consent Decree subject to final approval by the Court.

Dated this 15th day of September, 2009.

Susan R. Bolton
United States District Judge

- 11 -

**APPROVED AND CONSENTED TO:**

| | |
|---|---|
| *s/Mary Jo O'Neill*<br>Mary Jo O'Neill<br>Regional Attorney | *s/ Afshin Yazdian*<br>Authorized Representative for Defendant |
| *s/David Lopez*<br>P. David Lopez<br>Supervisory Trial Attorney | Afshin Yazdian<br>EVP and General Counsel<br>40 Burton Hills, Suite 415<br>Nashville, Tennessee 37215 |
| *s/Diana Chen*<br>T. Diana Chen<br>Richard Sexton<br>Diana C. Weaver<br>Trial Attorneys | *s/Daniel B. Pasternak*<br>Daniel B. Pasternak<br>Greenberg Traurig, LLP<br>2375 East Camelback Road, Suite 700<br>Phoenix, Arizona  85016 |
| **Equal Employment Opportunity Commission**<br>3300 N. Central Ave., Suite 690<br>Phoenix, AZ  85012 | Attorneys for Defendant |
| Attorneys for Plaintiff | |

- 12 -

EXHIBIT A

**NOTICE TO ALL EMPLOYEES OF NPMG ACQUISITION SUB, LLC**

This Notice is posted pursuant to a Consent Decree entered into between NPMG Acquisition Sub, LLC ("Defendant") and the Equal Employment Opportunity Commission ("EEOC"), entering judgment in the amount of $415,000 against Defendant.

It is unlawful under federal law, Title VII of the Civil Rights Act and state law to discriminate against an employee on the basis of race in the recruitment, hiring, firing, compensation, assignment, or other terms, and conditions or privileges of employment. It is also unlawful to retaliate against any person because the person protested or reported the discriminatory practices to management or the EEOC.

Defendant shall not discriminate against any employee on the basis of race, including race discrimination, and shall not retaliate against any employee for complaining about race discrimination.

If you believe you have been discriminated against, you have the right to seek assistance from:

> **EEOC**, 3300 North Central Avenue, Suite 690
>
> Phoenix, Arizona 85012
>
> Telephone: (602) 640-5000
>
> TTY: (602) 640-5072
>
> Website (national): www.eeoc.gov

You have the right to file a charge with the EEOC if you believe you are being discriminated against or retaliated against for reporting discrimination.

No Retaliation Clause. It is against the law for any action to be taken against you by any supervisory or management official of Defendant's for: (1) opposing race discrimination or other discriminatory practices made unlawful by federal or state law; (2) filing a charge or

- 13 -

assisting or participating in the filing of a charge of discrimination; or (3) assisting or participating in an investigation or proceeding brought under Title VII.   Should any such retaliatory actions be taken against you, you should immediately contact the EEOC at the address or telephone number listed above.

- 14 -

EXHIBIT B

**Charging Parties**

| | |
|---|---|
| Calvin Matthews | $100,000.00 |
| Tyrone Hunt | $ 90,000.00 |
| Michael Buckner | $ 90,000.00 |
| Brian Gawarecki | $   7,500.00 |

**Class Members**

| | |
|---|---|
| Tyrus Dennis | $ 25,000.00 |
| Sam Daily | $ 25,000.00 |
| Elizabeth Engstrom | $ 15,000.00 |
| Karra Taylor | $ 20,000.00 |
| Yahaira Hernandez | $ 15,000.00 |
| Keith Surry | $ 15,000.00 |
| Heather Flock | $   7,500.00 |
| Mark Thomas | $   5,000.00 |

- 15 -

PHX328,956,384v1